# IN RE FOSTER.

PATENTS; ANTICIPATION.

A decision of the Commissioner of Patents allowing one of six claims in an application for a patent for improvements in flame-guards for burners for heaters, with special reference to the use of heaters for motor vehicles, and rejecting the other claims upon references to numerous American and British patents and also to the " Davy " lamp, as anticipating the applicant's invention in the matter of the use of a wire screen to confine flame within a predetermined space, *reversed* as to the claims disallowed, upon the ground that there was no substantial difference between the allowed claim and the rejected ones.

No. 182. Patent Appeals. Submitted January 16, 1902. Decided March 5, 1902.

HEARING on an appeal by an applicant for a patent from a decision of the Commissioner of Patents rejecting five of six claims of the application.                    *Reversed.*

The COURT in its opinion stated the case as follows:

This is an appeal from the decision of the assistant Commissioner of Patents in the matter of the application of Charles E. Foster for letters patent of the United States for certain alleged new and useful improvements in flame guards for burners for heaters, with special reference to the use of heaters for motor vehicles. The claims of the application, as finally formulated and passed upon in the Patent Office, are six in number, and are as follows:—

1. The combination with a boiler of a casing inclosing a combustion chamber below the tubes of the boiler, a vapor burner below the boiler perforated to project the flame

toward the boiler, air-inlet openings arranged to permit the free upward flow of air with the flame to the boiler tubes, and a guard of fine wire cloth covering the said inlet openings, substantially as set forth.

2. The combination with a boiler, combustion chamber and vapor burner below the same, air-inlet openings, and flue for the escape of products of combustion, of flame guards of fine wire cloth arranged above and below the combustion area to confine the flame within said area and to deflect air currents while permitting a free upward flow of air to the burner and through and from the boiler, substantially as set forth.

3. The combination with the boiler, vapor burner and liquid fuel supply-tank communicating with the interior of the burner, of a fine wire screen covering the openings between the burner and tank, substantially as set forth.

4. The combination of a boiler, vapor burner below the boiler having air-inlet tubes, intermediate combustion chamber, and a screen of fine wire cloth below the lower ends of said tubes, substantially as set forth.

5. The combination of a boiler, vapor burner, an air-inlet below the same, and a guard of fine wire cloth below said inlet, substantially as set forth.

6. The combination of a boiler, burner, intermediate combustion chamber, a guard consisting of a sheet of fine wire cloth bent up to form a side flange, and means for supporting it below the burner, substantially as set forth.

The claims were all rejected by the primary examiner as unpatentable in view of the existing condition of the art, as evidenced by thirteen several patents, which were cited as references, and which were the following:

1. Patent to Suhr, April 21, 1867, No. 77,124.

2. Patent to Houchin, July 27, 1875, No. 166,008.

3. Patent to Keys, June 24, 1879, No. 216,861.

4. Patent to Wiser, September 19, 1882, No. 264,501.

5. Patent to Lea, December 19, 1882, No. 269,503.

6. Patent to Gill & Foley, May 31, 1887, No. 364,101.

7. Patent to McTyre, June 7, 1887, No. 364,597.

8. Patent to Sintzel, September 16, 1890, No. 436,384.

9. Patent to Thayer, September 26, 1893, No. 505,643.

10. Patent to Loop, August 3, 1897, No. 587,448.

11. Patent to West, March 15, 1898, No. 600,818.

12. British Patent to Ballardie, No. 6006 of 1882.

13. British Patent to Stanley, No. 2844 of 1889.

all of which antedated the appellant's application, which was filed on December 9, 1899. Reference was also made to the well-known " Davy Lamp," so generally used by miners, as also anticipating the appellant's alleged invention in the matter of the use of a wire screen to confine flame within a predetermined space. The board of examiners-in-chief affirmed the decision of the primary examiner.

Upon appeal to the Commissioner, the assistant Commissioner, who sat in his place, affirmed the decision of the lower tribunals of the office as to all the claims, except that numbered two, and as to this claim reversed the decision of the board and held the claim to be patentable. From the decision as to the other five claims the applicant has appealed to this court.

*Messrs. Foster & Freeman* for the appellant.

*Mr. John M. Coit* for the Commissioner of Patents.

Mr. Justice MORRIS delivered the opinion of the Court:

We find ourselves unable to recognize the substantial difference which the Commissioner finds between claim numbered two and the other claims. It seems to us that, if claim numbered two performs new functions in the art, as the Commissioner states, and is therefore patentable, some at least, if not all, of the other claims are equally patentable, since all of them contemplate the same function, which, as the Commissioner very properly says, is that " the wire screens not only act as flame guards, but they effectually

break up the air currents which must necessarily exist when
the carriage is in motion," that " the flame is prevented from
escape when the fluid passes through the screen," and that
" the ignited fluid in the burner flows through the screen as
an unignited fluid." These are precisely the functions which
each and every combination of the several claims is intended
to perform; and these functions, it would seem, they each
and all do perform. The only substantial difference between
the combination in claim numbered two and the combina-
tions of the other claims would seem to be, that in claim
numbered two there are two wire screens, one above and
the other below the combustion chamber, while in the other
claims there is mention only of one such screen below the
combustion chamber. The combination in claim numbered
two appears to be the more effectual to produce the result; but
the difference of function appears to be one of degree rather
than of kind. Having allowed claim numbered two, the
Commissioner, we think, should have allowed the other
claims also.

The whole of the alleged invention is in the use of a
screen of fine wire cloth to cover the inlet openings in such
manner as not only to confine the flame within a certain
area, but likewise to deflect the air currents that are apt,
when a vehicle is in motion, to carry the flame downward
or laterally through the air-inlet openings. The other parts
of the several combinations are concededly not new; and the
use of a wire screen to confine flame within a predetermined
space is admitted not to be new, for such was the construc-
tion of the Davy lamp. The alleged invention is the use
of the wire screen in this connection in such manner as to
deflect the air currents which interfere with the flame while
the vehicle is in motion. And the whole question in the
appellant's case is, whether this is not merely a new use,
not patentable, of an old device, or what is called in the
patent law, a double use.

Several patents are referred to as showing anticipation
of the appellant's claim; but we fail to find in them any
such anticipation. They all seem to be of different con-

struction and to serve a different purpose. The patent, for example, to Frederick T. Suhr, of April 21, 1867, for a mode for burning crude petroleum, shows a perforated draught pan intended to direct the currents of air upon the flame. But this assuredly is not the equivalent of a wire screen so made and arranged as to break up and deflect the air currents, and to prevent their interference with the flame to extinguish it. A patent of July 27, 1875, to Thomas W. Houchin for improvement in a pocket gas-stove for cooking is likewise supposed to show anticipation in the fact that it has a wire gauze at the top and bottom of the burner to ·prevent the communication of flame from the gas burning at the top to that within the box. But this would seem to be a very different thing from a wire screen so arranged as to break up the currents of air. Nor do any of the other patents mentioned seem to us to be any more appropriate as references of anticipation, than was the old Davy lamp an anticipation of the several inventions for which these several patents were granted.

But it would appear to be unnecessary to enter into the subject at any length. Concurring as we do in the Commissioner's decision, and in the reason given by him therefor, that the appellant's claim numbered two is patentable, and finding no substantial difference between this claim and the other five enumerated, we find no reason to refuse to these latter the merit of patentability.

As to claims numbered 1, 3, 4, 5, and 6, the decision of the Commissioner is *reversed*.

*The clerk of the court will certify this opinion and the proceedings in the cause in this court to the Commissioner of Patents, according to law.*